# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## Southern Bell Telephone and Telegraph Company v. Town of Harrisonburg.

### November 17, 1910.

#### Absent, Cardwell, J.

1. Licenses—*Telephone Companies—Local Taxation.*—A town has no authority to impose a license tax on a telephone company to which it has granted no franchise, and which owns no poles, wires or other property of any description within the limits of the town, and which does no business within the town, directly or indirectly through agency of another, but makes telephone connection outside of the town, for the purpose of transmitting long distance messages for hire, with a wholly separate and independent local company which pays taxes on all of its property within the town, and has a license from the town to do a telephone business. The connection made with the local company outside the town is not "doing business within the town."

Error to a judgment of the Circuit Court of Rockingham county, affirming a judgment of the mayor of the town of Harrisonburg, imposing a fine on the plaintiff in error for refusal to pay a license tax.

*Reversed.*

The opinion states the case.

*H. E. W. Palmer, R. S. Ker, Brutus J. Clay,* and *Timberlake & Nelson,* for the plaintiff in error.

*H. W. Bertram,* for the defendant in error.

Keith, P., delivered the opinion of the court.

The town of Harrisonburg passed an ordinance which declares,—

Section 1. "There shall be an annual license tax assessed against and paid by all persons, firms or corporations, engaged in the different occupations, professions or business enumerated below. The said annual license tax shall be assessed and collected at the following rates until changed by the council."

Section 44. "Telephone companies, for the privilege of carrying on a telephone business between this and other points in the State of Virginia, each company, $50.00."

The plaintiff in error refused to pay this tax, and a fine was imposed upon it by the mayor for doing business without a license. The telephone company appealed to the Circuit Court of Rockingham county, which affirmed the judgment of the mayor; and the case is before us upon a writ of error.

It appears that the town of Harrisonburg duly assessed the plaintiff in error with a license tax for the year commencing May 1, 1909; that this tax has not been paid by the plaintiff in error; that the plaintiff in error owns no wires, poles or other property of any sort or description within the limits of the town of Harrisonburg; that long distance telephone booths are maintained at different places in the town for the use of long distance service; that these booths are the property of the Harrisonburg Mutual Telephone Company, which maintains and operates them in execution of a contract between that company and the Southern Bell Company; that no franchise was ever granted by the town of Harrisonburg to the Southern Bell Company; that the Southern Bell Company does not own any telephone booth, exchange or apparatus within the limits of the town, and all messages to or from the town or through the town, passing up to or from the limits of the town over the line of the

Southern Bell Company, have been carried within the limits of the town exclusively by the wires of the Harrisonburg Mutual Telephone Company; that the Harrisonburg Mutual Telephone Company is a local company which possesses a franchise from the council of the town of Harrisonburg granted pursuant to the provisions of law in accordance with the charter and ordinances of the town, and under its franchise is authorized to occupy the streets and alleys of the town, with its poles, wires, conduits and other instrumentalities, and to do a telephone business within the town; and that its franchise is the only franchise possessed by any person, firm or corporation to do a similar business within said town. It further appears that the Harrisonburg Mutual Telephone Company pays a fanchise tax and a tax upon all of its property situated within the limits of the town of Harrisonburg.

On June 2, 1908, the Southern Bell Telephone Company entered into a contract with the Harrisonburg Mutual Telephone Company, under which the Harrisonburg Mutual Telephone Company was given the right to connect its lines with the lines of the Bell Company at a point outside the corporate limits of the town of Harrisonburg for the purpose of affording its subscribers within the town and in the territory contiguous thereto long distance telephone service. This contract provided that the Harrisonburg Mutual Telephone Company should pay to the Southern Bell Telephone Company its regular tolls for all communications transmitted over its lines, less a discount of fifteen *per cent.*, which discount should not exceed, however, ten cents on any one message; that the Harrisonburg Mutual Telephone Company should observe and require its customers to observe such regulations as the Southern Bell Company should from time to time make for the use of its lines; and that the Harrisonburg Mutual Telephone Company should keep proper accounts of the messages transmitted, and should render statements and make monthly remittances to petitioner not later than the 10th day of each

month. It appears that since the execution of this contract, and in accordance with its provisions, the Harrisonburg Mutual Telephone Company has been transmitting long distance telephone messages for its patrons and subscribers to and from the town of Harrisonburg, said messages being carried within the town of Harrisonburg and for some distance outside of the town over the wires of the Harrisonburg Mutual Telephone Company and then over the wires of the Southern Bell Company; that the Southern Bell Company has no franchise in the town of Harrisonburg, and, as before stated, owns no wires, poles or other property of any description within the limits of said town.

The Southern Bell Company maintains that the judgment against it is erroneous, (1) "because petitioner in doing the business of transmitting messages between different States is an agency of interstate commerce, and is therefore free from the control of State regulations, except such as are strictly of a police character;" (2) "because the town of Harrisonburg has no authority under its charter or any State statute to impose a license tax upon a telephone company for the privilege of doing business from said town to other points in the State;" and (3) "because petitioner is not, and never has been, engaged in doing business within the town of Harrisonburg, and is not, therefore, amenable to the imposition of a license tax, even if its business were merely intra-state commerce."

We see no occasion to discuss the first and second propositions. The third ground of error is, we think, borne out by the record, and is conclusive of this controversy. The Southern Bell Company has no franchise from the town of Harrisonburg. It owns no property of any description within the limits of the town. It does no business within the town, directly or indirectly through the agency of others. It makes telephonic connection outside of the limits of the town with the Harrisonburg Mutual Telephone Company, a wholly separate and independent corporation, which pays taxes on all of

its property within the town of Harrisonburg, and has a license from the town to do a telephone business, and is the sole licensee of the town for that purpose.

We are of opinion that the town of Harrisonburg had no authority to require a license of the Southern Bell Telephone Company, and that the judgment imposing a fine for doing business without such license is erroneous and must be reversed.

*Reversed.*